JULIUS KEGEL v. MARTIN SCHRENKHEISEN AND ANOTHER.

*Affidavit for Attachment—Approval of Superior Court Rules.*

An affidavit for attachment stating that the defendant has assigned, etc., or is about to assign his property, is fatally defective for being in the alternative.

Rules adopted by the Superior Court of Detroit are inoperative until approved by the Supreme Court. (Act 7 of 1875, amended sec. 15.)

Error to the Superior Court of Detroit. Submitted June 15. Decided June 20.

ATTACHMENT. The necessary facts are stated in the opinion.

*George Gartner* (on brief) for plaintiff in error, to the point that default had been entered below before the expiration of the period that should be allowed for the entry of appearance, referred to Circuit Court Rule 16; Act 7 of 1875, p. 6 [§ 15]; Mich. Const., Art. VI., § 5; Comp. L., §§ 4912, 4945; and to *Wyandotte Rolling Mills Co. v. Robinson*, 34 Mich., 428.

*Slesinger & Frost* (on brief) for defendant in error, urged that for the error in practice a party might be relieved on motion and that error would not lie.      *Moody v. Vreeland,* 9 Wend., 125; *Cook v. Moseley,* 13 Id., 277.

COOLEY, C. J.   The suit in the court below was begun by attachment.   The affidavit for attachment was made by an agent for the plaintiffs, who made oath that "he is informed and believes to be true, and charges the same to be true, that the defendant Julius Kegel has assigned, disposed of or concealed, or is about to assign, dispose of or conceal his property, with intent to defraud his creditors."

This affidavit is fatally defective because in the alternative.   It should show the existence of either one cause or the other; which this affidavit does not.   It is in another particular not in compliance with the statute.   The statute, Comp. L., § 6398, requires that the affidavit shall show the affiant "knows or has good reason to believe" that the alleged cause for an attachment exists.   That is not the showing here, and we are not prepared to say that the showing made is the equivalent of that which the statute requires. But as in the other particular the defect is apparent, any further error is immaterial, and need not be considered.

The default on which judgment was taken appears to have been entered twenty-one days after the return day of the writ,—the declaration having been filed on the return day.   This was premature.   Circuit Court Rule 16.   It is said, however, that the default was justified by rules adopted by the court below for its own practice under the statute by which the court was created.   No rule on the subject has been approved by this court, and we think under the amendatory act of 1875—General Laws, p. 6—such rules would be inoperative until approved.

The judgment must be reversed with costs of both courts and the proceedings quashed.

The other Justices concurred.