THE DETROIT FREE PRESS COMPANY v. THE DRS. K. & K. U. S. MEDICAL & SURGICAL ASSOCIATION.

·[See 58 Mich. 487 ; 61 Id. 336.]

*Dissolution of attachment—Appeal—Abandonment by plaintiff— Affidavit for writ of attachment.*

1. This case comes in all respects within the decision in *Calvert Lithographing Co. v. Drs. K. & K. Medical Association*, 61 Mich. 336, to which reference is had.

2. Pending an appeal from the order of a circuit court commissioner dissolving an attachment, a judgment was rendered in the suit, and an execution levied on the attached property, which was replevied by a third party, and the execution for that reason returned unsatisfied. The plaintiff then sued out an *alias* execution, which was levied upon real estate the title to which had formerly been in defendant, and filed a bill in aid of such execution; during the pendency of which suit the appeal came on for trial, and the circuit court decided that the plaintiff had waived and abandoned the attachment, and, without allowing any testimony to go to the jury in support thereof, affirmed the order of dissolution, and ordered the restoration of the property to the defendant.

   *Held*, that, even if the circuit judge could have decided these questions, they do not show such abandonment; that the dissolution of the attachment rendered it impossible for the plaintiff to deal effectually with the attached property, and its resort to other means of collection, which proved ineffectual, could not

under the circumstances be treated as an abandonment or waiver of the appeal.

8. It is quite possible for several good reasons to co-exist for suing out an attachment, and there is no good reason why one should destroy the other when all are consistent.[1]

Certiorari to Wayne. (Chambers, J.) Argued January 20, 1887. Decided January 27, 1887.

Certiorari to review the order of a circuit judge affirming a commissioner's order dissolving an attachment. Attaching creditor sues out writ. Order quashed. The facts are stated in the opinion and head-notes.

*Edward E. Kane,* for petitioner.

*Griffin & Warner* (*Ormond F. Hunt,* of counsel), for respondent.

CAMPBELL, C. J The plaintiff in *certiorari* having sued out and levied an attachment against the property of defendant, the latter procured a dissolution of the attachment by a circuit court commissioner, from which plaintiff appealed. The hearing of this appeal appears to have been delayed by a series of dilatory proceedings from December, 1884, until January, 1886, when the appeal came on for trial before a jury. Instead of proceeding with the trial, the circuit court undertook to decide that the plaintiff had waived and abandoned its attachment, and, without allowing any testimony to go to the jury, affirmed the dissolution, and ordered the property to be restored to defendant. The return to the *certiorari* recites a long series of transactions in the attachment suit and in other proceedings, which, if admissible at all, could only be properly introduced before the jury on the trial of the appeal. The case comes in all respects within the

[1] The defendant was charged in the affidavit with having "assigned, disposed of, and concealed," and with being about to "assign, dispose of, and conceal, its property, with intent to defraud its creditors."

decision in *Calvert Lithographing Co. v. Drs. K. & K. Medical Ass'n*, 61 Mich. 336.

We deem it proper to say, however, that, even if the circuit judge could have decided the questions before him on the facts which he certifies, we do not think they showed any abandonment. The dissolution of the attachment rendered it impossible to deal effectually with the attached property, which appears to have been taken off by other parties, and, so long as these appeal proceedings were pending, plaintiff was helpless. Its resort to other means of collection, which proved ineffectual, could not be treated as an abandonment or waiver of the appeal under such circumstances, and the causes which it offered to show were sufficient to sustain its attachment.

Without considering whether the sufficiency of the affidavit itself could be looked into on this appellate proceeding, we have no doubt it was sufficient. It is quite possible for several good reasons to co-exist for suing out an attachment, and we know of no reason why one should destroy the other when all are consistent.

The order dissolving the attachment, and affiming the commissioner's order, must be quashed, with costs of both courts.

The other Justices concurred.