ALICE M. JONES v. ARCHIBALD J. PEEK.

*Attachment—Affidavit—Use of disjunctive—Exemptions—Selection by debtor.*

1. The use of the disjunctive " or," in an averment in an affidavit in attachment that the defendant " is about to assign, dispose of, *or* conceal her property, with intent to defraud her creditors," will not invalidate the affidavit, as it states but one ground for the writ.

2. How. Stat. §§ 7687, 7688, provide that, when a levy is made upon property of any class or species which is exempt by law from execution to a specified amount or value, the officer may make an inventory of the property, and cause the same to be appraised, and the defendant may thereupon select from such inventory an amount of such property not exceeding, according to such appraisal, the amount of his exemption. And it is held that the statute is fully complied with, in case of the seizure of goods under a justice's court attachment, by the service on the defendant of the inventory made by the officer of the attached property, and the tender to the defendant of the use of the appraisal which the officer has caused to be made of said property, to enable the defendant to select his exemption.

Error to Jackson. (Peck, J.) Argued June 21, 1894. Decided July 5, 1894.

Trover. Defendant brings error. Reversed, and judgment entered in this Court for defendant. The facts are stated in the opinion.

*Richard Price,* for appellant.

*D. P. Sagendorph,* for plaintiff.

GRANT, J. Two questions are presented in this case:

1. The affidavit for the writ of attachment stated as the basis therefor that " said Alice M. Jones is about to assign, dispose of, or conceal her property, with intent to defraud

her creditors." It is claimed by the plaintiff, and was held by the court below, that this affidavit was void because it is in the alternative. Counsel for the plaintiff relies upon *Kegel v. Schrenkheisen*, 37 Mich. 174. In that case the affidavit stated that the defendant "has assigned, disposed of, or concealed, or is about to assign, dispose of, or conceal, his property," etc. That case is not conclusive in this. On the contrary, it distinctly recognizes the existence of but two causes for the issuance of an attachment, viz., that the defendant has assigned, etc., and that he is about to assign, etc. The one ground for the attachment may apply to an intent either to assign, dispose of, or conceal, and in such case the use of the disjunctive is permissible. The record in this case does not show the reason for the belief. That would only appear on the hearing, upon a motion to dissolve the attachment. It is, however, stated in the brief of defendant's counsel that the ground for making the affidavit and issuing the attachment was that the defendant had said that she "was going to fix her property so that none of her creditors would get a cent." If this were the fact, it would be applicable to an intent either to assign, to dispose of, or to conceal, but not to a case where it was alleged that she had assigned, disposed of, or concealed. It would be impossible for the creditor to determine, from this statement of the debtor, whether she intended to assign, dispose of, or conceal her property; and the statute does not contemplate that he should, at his peril, so determine. This phrase constitutes one ground for the writ, and may be stated in the words of the statute. The weight of authority sustains this view. Wap. Attachm. 97–100; Wade, Attachm. §§ 56, 93; *Brown v. Hawkins*, 65 N. C. 645; *Conrad v. McGee*, 9 Yerg. 428; *Van Alstyne v. Erwine*, 11 N. Y. 331; *Parsons v. Stockbridge*, 42 Ind. 121; *Emerson v. Steel & Spring Co.*, 100 Mich. 127. We have examined the other authorities cited

by the plaintiff, and we do not think that they are in opposition to this view.[1]

2. Plaintiff was entitled to an exemption in goods seized under the writ. The defendant, who was the officer serving the writ, made an inventory, which he served upon her, and at the same time tendered her the use of an appraisal, which he had caused to be made, to enable her to select her exemption. She declined to take the appraisal or to make the selection. Thereupon the officer made the selection for her. The statute for attachment in justice's court requires the service of an inventory upon the defendant, but does not require the service of an appraisal.[2] The exemption statute (How. Stat. §§ 7687, 7688) provides that when the defendant is entitled to an exemption the officer shall cause an appraisal to be made, whereupon the defendant is entitled to select his exemption. This statute was fully complied with when she was served with the inventory, and tendered the use of the appraisal to make her selection.

It follows that the judgment must be reversed, and judgment entered in this Court for the defendant.

McGRATH, C. J., LONG and HOOKER, JJ., concurred. MONTGOMERY, J., did not sit.

---

[1] *Miller v. Munson*, 34 Wis. 579; *Moody v. Levy*, 58 Tex. 532; *Rittenhouse v. Harman*, 7 W. Va. 380; *People v. Blanchard*, 61 Mich. 478; *Beebe v. Morrell*, 76 Id. 114; *Buehler v. DeLemos*, 84 Id. 554, 557; *Howell v. Circuit Judge*, 88 Id. 361.

[2] How. Stat. § 6840.