BANE *v.* KEYS.

ATTACHMENT—PETITION FOR DISSOLUTION—DENIAL IN CONJUNCTIVE.

An affidavit for attachment charged that defendant "has assigned, disposed of, and concealed, and is about to assign, dispose of, and conceal, his property, with intent to defraud his creditors." Defendant filed a petition for the dissolution of the writ, in which he denied "that he has assigned, disposed of, *and* that he is about to assign, dispose of, and conceal, his property, with intent to defraud his creditors, or that he has made any fraudulent disposition whatever of his property with said intent." *Held,* that the denial in the conjunctive was bad.

*Certiorari* to Clinton; Daboll, J. Submitted October 6, 1897. Decided December 15, 1897.

Attachment proceedings by George Bane against Horace N. Keys. Plaintiff brings *certiorari* to review an order dissolving the writ. Reversed.

*Almond G. Shepard* and *Edwin H. Lyon,* for appellant.

*High & Everett,* for appellee.

HOOKER, J. As a prerequisite to the dissolution of an attachment, a sworn petition, denying the existence of the facts alleged in the affidavit as the grounds for attachment, must be filed; and more than one ground may exist. *Detroit Free Press Co.* v. *Surgical Ass'n,* 64 Mich. 605. It is not enough that some of these grounds are negatived, but all of them must be. In the case of *First Nat. Bank* v. *Steele,* 81 Mich. 93, Mr. Justice GRANT, with the approval of the entire bench, said, in speaking of the requisites of a petition for dissolution of an attachment:

"In his petition for dissolution, he 'denies that he has assigned, disposed of, or concealed his property with intent to defraud his creditors.'   It is contended that this is bad, because in the alternative.   *   *  ·  *   *A denial in the alternative is good,* while an affirmation in the alternative is bad."

As false swearing in such petition may be punished as perjury, it is apparent that the denials of the facts set up in the affidavit for attachment must not be so ambiguous as to preclude the charge of perjury upon each and every one of them by which a truthful statement in the affidavit for attachment is sought to be denied.   The affidavit for attachment in this case charges that the defendant "has assigned, disposed of, and concealed, and is about to assign, dispose of, and conceal, his property, with intent to defraud his creditors."   If he has done either, it is all that is required to warrant an attachment.   So, if the petitioner denied but one, it would not be sufficient.   That is just what the petitioner has done.   This is the language:

"And your petitioner denies that he has assigned, disposed of, *and* that he is about to assign, dispose of, and conceal, his property, with intent to defraud his creditors, or that he has made any fraudulent disposition whatever of his property with said intent."

The last sentence may be a sufficient, though not a categorical, denial that the petitioner has assigned, etc., but it does not dispute the existence of an intention to assign, etc.   The first sentence, on the other hand, couples several intended frauds, and denies that he is chargeable with all of them.   The converse of this contention has been held in the case of *Kegel* v. *Schrenkheisen*, 37 Mich. 174, where the court held that a statement of two grounds in the alternative in an affidavit for attachment did not charge either.   So, in the petition for dissolution, a denial of both grounds in conjunction is not a denial of either.

Could a man be convicted of perjury upon the charge of having testified that he had not sold a horse named Prince, upon proof that what he did testify was that he had not sold the horses named Prince and John?   The

statement would be true, though he had sold either horse, so long as he had not sold both. Would any court in the land sustain such a conviction, upon the assumption that he meant something that he had not said? Wherein does it differ from this case, and what legitimate distinction can be made between that case and one based on this petition? The petitioner has sworn that he had not been guilty of certain acts and certain other intentions, collectively. How can we say that he *intended* to deny them severally? And is it not still more inaccurate to say that he has done so, when the grammatical construction of his petition is clearly otherwise, and when the meaning insisted upon must depend upon the assumption of a loose use of language in a paper in which accuracy is required? If we assume that he intended to deny each, as contradistinguished from all, may we also assume that it was not the petitioner's intent to so shape his denial as to insure his immunity from punishment for perjury if the affidavit, as constructed, should prove false as to one ground? If not, we must hold this petition bad. The jurisdiction to dissolve is statutory, and must be strictly construed. I am of the opinion that we should not sacrifice the integrity of the practice upon so slight a reason as the relief of a party from the consequence of his lawyer's mistake in a particular case, especially as to do so would be followed by the necessity for an innovation upon well-settled rules in relation to perjury. In my opinion, the order of the circuit court should be reversed.

The other Justices concurred.