DUTCHER *v.* GRAND RAPIDS FIRE-INSURANCE CO.

1. ATTACHMENT—AFFIDAVIT—VALIDITY.
    An affidavit in the alternative for a writ of attachment is void.

2. SAME—JURISDICTION—WAIVER.
    In an attachment proceeding in justice's court, the affidavit is jurisdictional, and, if void, the whole proceeding falls with it, unless the defect is waived by an appearance.

3. SAME—EVIDENCE—COLLATERAL ATTACK—DOCKET ENTRIES.
    An affidavit for a writ of attachment in justice's court may

be introduced in evidence, in a collateral suit, to show the invalidity of the attachment judgment, as against an objection that the docket entries are conclusive.

4. GARNISHMENT—PAYMENT—PROTECTION OF GARNISHEE.

A garnishee is not protected in paying a judgment against him, if the judgment in the principal suit is void.

Error to Kent; Perkins, J. Submitted October 17, 1902. (Docket No. 58.) Decided December 2, 1902.

*Assumpsit* by George L. Dutcher against the Grand Rapids Fire-Insurance Company on a policy of insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

The defendant issued a policy of insurance to one Riley. A loss occurred, and the amount thereof was duly ascertained and admitted. Subsequently one Heald commenced a suit against Riley in justice's court, and garnished the defendant company. The defendant Riley could not be found, and plaintiff commenced attachment proceedings under the statute (1 Comp. Laws, § 717). There was no service of summons or writ upon, and no appearance of, the defendant in the attachment suit. The day following the commencement of that suit, plaintiff served on defendant a notice of his assignment from Riley. Such proceedings were had that judgment was finally rendered against the principal defendant and against the garnishee defendant, and the judgment paid by it. Plaintiff brought this suit to recover the amount of the loss. It was tried before the court without a jury, finding of facts made, and judgment rendered for the plaintiff.

*Stuart & Heald*, for appellant.

*Smedley & Corwin*, for appellee.

GRANT, J. (*after stating the facts*). Defendant introduced the entries upon the docket of the justice of the peace, and rested. Plaintiff then offered in evidence the

files in the case, including the affidavit upon which the writ of attachment was based. Defendant objected, insisting that the docket entries were conclusive, and could not be impeached by the introduction of the files. The affidavit was admitted. Defendant introduced evidence tending to show that the affidavit found in the files of the case was not the affidavit upon which the writ was issued. The court found against this contention. The evidence was conflicting. We cannot, therefore, disturb the finding.

Statutory attachment proceedings are in derogation of the common law, and the proceedings thereunder must be strictly complied with. The affidavit was in the alternative, and is conceded to be void, under *Kegel* v. *Schrenkheisen*, 37 Mich. 174. The affidavit in these proceedings is jurisdictional, and, if the affidavit is void, the whole proceeding falls with it. Jurisdiction will not be presumed. Defendant was required to show a valid affidavit for the attachment and judgment under which it claimed protection. *Goodrich* v. *Burdick*, 26 Mich. 39. The affidavit was not offered to impeach the record. The entry did not assert its validity. Without a valid affidavit, the court does not obtain jurisdiction, unless the jurisdictional defect is waived by general appearance.

Judgment affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.