LE FAIVRE *v.* KESS-LINE MOTORS.

1. ATTACHMENT—PREREQUISITES OF PETITION FOR DISSOLUTION.
   As a prerequisite for the dissolution of an attachment, a sworn petition denying the existence of all of the facts alleged in the affidavit as the grounds for attachment must be filed; it being insufficient that some of these grounds are negatived.

2. SAME—PETITION FOR DISSOLUTION DEFECTIVE WHERE ALL ALLEGATIONS OF AFFIDAVIT NOT NEGATIVED.
   Where an affidavit for the attachment of an automobile alleged that defendant "has assigned, disposed of, and concealed, and is about to assign, dispose of and conceal its property with the intent to defraud its creditors, * * * and has removed, and is about to remove its property out of this State with the intent to defraud its creditors," a verified petition of defendant's president for dissolution, stating that defendant "has never assigned, disposed of, or concealed said car, and has no intention now to assign, dispose of, or conceal this car with the intention to defraud any of its creditors, * * * and does not intend to remove this automobile from the State of Michigan," is jurisdictionally defective, in that it failed to negative the statement in plaintiff's affidavit that defendant "has removed, and is about to remove its property out of this State with the intent to defraud its creditors."

Certiorari to Wayne; Perkins (Willis B.), J., presiding. Submitted April 26, 1923. (Docket No. 101.) Decided June 4, 1923.

Attachment proceedings by F. Jerome Le Faivre against the Kess-Line Motors. From an order granting a motion to dissolve, plaintiff brings certiorari. Reversed.

On questioning validity of attachment for insufficiency of affidavits, see 35 L. R. A. 782.

*Elmer H. Groefsema,* for appellant.
*McDowell & White,* for appellee.

MOORE, J.    The automobile of the defendant was taken by the sheriff of Wayne county upon a writ of attachment.    The plaintiff's affidavit annexed to the writ alleged as reasons for its issuance that—

"Deponent has good reason to believe, and does believe, that the Kess-Line Motors, a Michigan corporation, has assigned, disposed of and concealed, and is about to assign, dispose of and conceal its property with the intent to defraud its creditors, and that the said defendant, Kess-Line Motors, a Michigan corporation, has removed and is about to remove its property out of this State with the intent to defraud its creditors."

The attachment was dissolved after a hearing upon a verified petition of the president of the Kess-Line Motors, stating that—

"Affiant further says that this particular automobile is a special design car with a special design motor, which has been built by the Kess-Line Motors, and now and at all times since it has been built it has remained in the State of Michigan, and that the Kess-Line Motors has never assigned, disposed of or concealed said car, and has no intention now to assign, dispose of or conceal this car with the intention to defraud any of its creditors, and that the Kess-Line Motors does not intend to remove this automobile from the State of Michigan." * * *

The case is brought here for review by certiorari. We quote from the brief of counsel:

"The petition for the dissolution is jurisdictionally defective for the reason that the petition denies conjunctively the allegations set up in the plaintiff's affidavit, and further because the defendant's affidavit makes no reference either affirmatively or negatively to any property of the corporation other than the automobile taken under the writ, and therefore fails

to meet the allegations contained in plaintiff's affidavit. A mere denial in regard to the automobile taken is not sufficient. The denial must be co-extensive with the allegations in the affidavit annexed to the writ. The affidavit of the plaintiff relates to all the property of the corporation. The petition for dissolution is silent as to all the property of the corporation except that taken by virtue of the writ. In support of our position we rely upon *Bane* v. *Keyes,* 115 Mich. 244."

Counsel also cites *Stock* v. *Reynolds,* 121 Mich. 356.

It will be noticed that the affidavit for dissolution of the attachment does not negative the statement in plaintiff's affidavit that defendant "has removed and is about to remove its property out of this State, with the intent to defraud its creditors."

In *Bane* v. *Keyes, supra,* Justice HOOKER, speaking for the court, said:

"As a prerequisite to the dissolution of an attachment, a sworn petition, denying the existence of the facts alleged in the affidavit as the grounds for attachment, must be filed; and more than one ground may exist. *Detroit Free Press Co.* v. *Surgical Ass'n,* 64 Mich. 605. It is not enough that some of these grounds are negatived, but all of them must be. * * *

"As false swearing in such petition may be punished as perjury, it is apparent that the denials of the facts set up in the affidavit for attachment must not be so ambiguous as to preclude the charge of perjury upon each and every one of them by which a truthful statement in the affidavit for attachment is sought to be denied. The affidavit for attachment in this case charges that the defendant 'has assigned, disposed of and concealed and is about to assign, dispose of and conceal his property, with intent to defraud his creditors.' If he has done either, it is all that is required to warrant an attachment. So, if the petitioner denied but one, it would not be sufficient. That is just what the petitioner has done."

This case was quoted with approval in *Stock* v. *Reynolds*, 121 Mich. at p. 359.

The order of the circuit court is reversed, with costs to the plaintiff.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.