PIERCE *v.* BOYLE.

SAME *v.* SAME.

1. CERTIORARI—JURISDICTION—FAILURE TO PRINT JUDGE'S RETURN IN RECORD NOT FATAL.

On certiorari to review an order denying a motion to dissolve a writ of attachment, defendant should have printed in the record the return of the circuit judge, but failure to do so does not deprive the Supreme Court of jurisdiction where the petition for certiorari has attached to it as exhibits copies of the proceedings, and an examination of the return in the clerk's office shows that it also has copies of such proceedings.

2. ATTACHMENT—AFFIDAVIT IN ALTERNATIVE VOID.

An affidavit in the alternative for a writ of attachment is void under 3 Comp. Laws 1915, § 13029.

Certiorari to Muskegon; Vanderwerp (John), J. Submitted October 25, 1927. (Docket Nos. 111, 112.) Decided April 3, 1928.

Separate attachment proceedings by Eugene Pierce and Marie Pierce against Robert Boyle. From an order denying petitions to dismiss attachments, defendant brings certiorari. Reversed and order vacated.

*John G. Anderson,* for appellant.

*Harold L. Smedley,* for appellees.

FELLOWS, J. These cases involve the same issue, were heard together in the court below and here, and will be disposed of in one opinion. In each case plaintiff instituted attachment proceedings against defendant, the grounds for the issuance of the writ being thus stated:

_____

[1]Certiorari, 11 C. J. § 307; [2]Attachment, 6 C. J. § 209.

"Deponent further says that he has good reason to believe and does believe that the said Robert E. Boyle is not a resident of the State of Michigan and has not resided therein for three months immediately preceding the date of this affidavit, or that the said defendant is about to assign, dispose of or conceal some of his property within the State with intent to defraud his creditors, or said Robert E. Boyle, defendant, is about to remove some of his property out of the State of Michigan with intent to defraud his creditors."

The defendant petitioned to dissolve the attachment on the ground that the allegations in the affidavit were untrue, and that the affidavit was defective. The trial judge denied the petition and we allowed this writ of certiorari to review the proceedings.

There is a motion to dismiss the writ. None of the grounds are tenable, and but one requires consideration. The defendant did not print in the record the return of the circuit judge. This he should have done. But the petition for certiorari had attached to it as exhibits copies of the proceedings, and an examination of the return in the clerk's office shows that it also had copies of such proceedings. It would have been but a duplication of matters already before us to have printed the return and we do not think the failure to so print the return deprives us of jurisdiction.

It will be noted that the affidavit is in the alternative. It does not charge that defendant has brought himself within any of the grounds authorizing the issuance of the writ (3 Comp. Laws 1915, § 13029). What is charged is that either (1) he is a nonresident, *or* (2), is about to dispose of his property, *or* (3), is about to remove it from the State. But it does not charge any one of the three. We quote from some of our former holdings:

"This affidavit is fatally defective because in the alternative. It should show the existence of either

cne cause or the other; which this affidavit does not."
*Kegel* v. *Schrenkheisen,* 37 Mich. 174.

"A denial in the alternative is good, while an affirmation in the alternative is bad. Where one denies that he has done either of several acts charged, it naturally implies a denial of all; but where one alleges that another has done either one or the other of several acts it naturally means that he has done but one of the several acts charged, and the accuser is unable to tell which. In such case, the accused is unable to tell which one of the charges he must prepare to meet. The proposition needs no further argument." *First National Bank* v. *Steele,* 81 Mich. 93.

"Statutory attachment proceedings are in derogation of the common law, and the proceedings thereunder must be strictly complied with. The affidavit was in the alternative, and is conceded to be void, under *Kegel* v. *Schrenkheisen,* 37 Mich. 174. The affidavit in these proceedings is jurisdictional, and, if the affidavit is void, the whole proceeding falls with it." *Dutcher* v. *Insurance Co.,* 131 Mich. 671.

None of the cases relied upon by plaintiff sustain a contrary holding. *Detroit Free Press Co.* v. *Medical Ass'n,* 64 Mich. 605, held that there might be several grounds for issuing a writ of attachment, but it did not hold that they could be alleged in the alternative. In *Emerson* v. *Steel & Spring Co.,* 100 Mich. 127, and *Jones* v. *Peek,* 101 Mich. 389, the disjunctive "or" was used, but in both cases it was held that but one ground of attachment was alleged. Here in the alternative three grounds are alleged. The affidavit was fatally defective.

The order here under review will be vacated with direction to quash the attachment.

WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred. NORTH, J., did not sit.

The late Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.