Kirtland F. Booth, Alonzo Kinyon, and Orange D. Reed, Appellants, *v.* Jeremiah J. Rees, Appellee.

APPEAL FROM LEE.

An affidavit for an attachment before a justice of the peace, asserting on "information and belief," that defendant is not a resident of the State, will be a defense for those acting under it in an action of trespass, where an indebtedness is positively sworn to, the affidavit stating sufficient to give jurisdiction in the premises and being amendable. Were the affidavit void, it would be otherwise.

This was an action of trespass commenced against the defendants below, returnable at the November term, A. D. 1859, of the Lee Circuit Court.

The declaration was for trespass to personal property in the usual form.

To the declaration Booth, one of the defendants below, filed two pleas.

First, not guilty. Second, a special plea of justification as to part of the articles in the said declaration mentioned, inasmuch as on the 8th day of March, A. D. 1859, before the commission of the supposed trespasses, he was a justice of the peace, duly elected and qualified in and for the county of Lee and State of

Illinois ; that on the said 8th day of March, A. D. 1859, one Alonzo Kinyon applied to him, as such justice of the peace, for a writ of attachment against the personal effects of the plaintiff below, under the name and style of J. G. Rees, and on such his application made and filed with him, said Booth, as such justice of the peace, his affidavit, (setting it out verbatim,) which is copied in the opinion.

That the said Alonzo Kinyon then and there gave a good and sufficient attachment bond, as is by law required, and that the said defendant Booth, then and there having jurisdiction, issued, as he was by law required, a writ of attachment against the said Rees, which said writ was delivered to one Orange D. Reed, a constable in and for said county of Lee, and the same was afterwards, to wit, on the 9th day of March, A. D. 1859, returned by said constable with the following indorsements thereon, to wit—copying the return verbatim.

That said goods and chattels levied upon were the same thereinbefore described as part and parcel of the goods and chattels described in said declaration ; that afterwards, to wit, on the 22d day of March, A. D. 1859, such proceedings were had before the said defendant, Booth, as justice of the peace aforesaid, as that a judgment was rendered in favor of said Alonzo Kinyon, and against said plaintiff below, for the sum of $45.25 and costs of suit ; that thereupon, in conformity with the statute in such case made and provided, said Booth, as justice aforesaid, issued an order of sale of said goods and chattels so attached as aforesaid, to satisfy said judgment. That said order of sale was delivered to said constable and was duly returned executed ; that all of which proceedings were the same trespass complained of by the plaintiff below against said Booth; concluding with a verification.

Pleas of Alonzo Kinyon, one of the defendants below, to said declaration :

First—Plea of not guilty.

Second—Plea of justification, that on the 8th day of March, A. D. 1859, the plaintiff below was owing and indebted to him the sum of $45.25, on a promissory note ; that on the 8th day of March, A. D. 1859, he filed his affidavit with one Kirtland F. Booth, a justice of the peace in and for the county of Lee and State of Illinois, setting forth the same *hæc verba*, and the same as in said Booth's second plea ; that on said 8th day of March, A. D. 1859, on the issuing of the writ, he filed his bond as required by law.

That on the said 8th day of March, A. D. 1859, the said justice of the peace issued a writ of attachment in words and figures following, to wit: here setting it out verbatim.

And delivered said writ on said 8th day of March to one Orange D. Reed, an acting constable in and for the county of Lee and State of Illinois; that on the 9th day of March, A. D. 1859, said constable, by virtue of said writ of attachment, seized and took possession of the said goods and chattels belonging to the plaintiff below, and described in the introductory part of said plea, and made due return of said writ on the 9th day of March, A. D. 1859, with an indorsement thereon of his doings thereon, to said justice of the peace. That afterwards, having advertised as required by law for service, on the 22nd day of March, A. D. 1859, such further proceedings were had before the said justice, as that a judgment was rendered in favor of the said Alonzo Kinyon, and against the plaintiff below, for $45.25, and $3.50 costs. That on the 23rd day of March, A. D. 1859, the said justice of the peace issued a special execution or order of sale, in words and figures, to wit: also setting it out verbatim.

And delivered said execution to said constable Reed, by virtue of which said execution said constable Reed, after having advertised said goods and chattels as by law required, proceeded to sell the same at public vendue, for the purpose of satisfying said execution, etc. ; concluding with a verification.

The defendant below, Orange D. Reed, filed his pleas to said declaration, but plaintiff below entered a *nolle prosequi* as to him.

To the second plea of the defendant, Alonzo Kinyon, the said plaintiff below filed a general demurrer.

To the second plea of the defendant below, Kirtland F. Booth, the plaintiff below filed also a general demurrer.

The demurrers to said second pleas of Booth and Kinyon were by the court sustained, and the defendants stood by their said pleas.

At the November term, A. D. 1860, of said court, issue being joined on pleas of not guilty of Booth and Kinyon, the cause was tried before a jury, who rendered a verdict in favor of plaintiff below, and against Booth and Kinyon, for the sum of $200, damages.

Booth and Kinyon thereupon moved the court in arrest of judgment and for a new trial, which motions were overruled.

The court thereupon rendered judgment in favor of the plaintiff below, and against the defendants Booth and Kinyon, for the sum of $200, and costs. From which judgment Booth and Kinyon prayed an appeal, and assign for error, the sustaining the demurrers to the pleas of Booth and Kinyon.

KINYON & STEVENS, for Appellants.

B. H. TRUESDELL, for Appellee.

WALKER, J. This was an action of trespass to personal property, instituted by Rees against Booth, a justice of the peace, Kinyon, the plaintiff in a former suit, and Reed, the constable. The defendants filed the general issue, and each a plea of justification. Booth, in his plea, justifies as a justice of the peace, and avers, that being such, defendant Kinyon appeared before him and made the following affidavit:

"STATE OF ILLINOIS, } ss.
  COUNTY OF LEE.

"The oath and complaint of Alonzo Kinyon, taken before K. F. Booth, a justice of the peace of said county, doth depose and say, that J. G. Rees is justly indebted to Alonzo Kinyon in the sum of 45 25-100 dollars, and that the said J. G. Rees is not a resident of this State, as this affiant has been informed and believes, and asks that an attachment may issue against the personal effects of said J. G. Rees."

Which was duly sworn to on the 8th day of March, 1859, and upon it a writ of attachment was issued, and placed in the hands of Reed, an acting constable of the county. He afterwards returned it levied upon the personal property of Rees, but not served upon him. Judgment was afterwards rendered against Rees, and execution issued, and the property was sold. Reed, as constable, justified under the judgment and proceedings in the case, and so did Kinyon. Appellee filed a general demurrer to each of these pleas, which was sustained, and defendants abided by their pleas. A *nolle prosequi* was entered as to Reed, and trial was had on the general issue, and a verdict was found against Booth and Kinyon, and the damages were assessed at two hundred dollars. A motion in arrest, and for a new trial, were interposed, overruled by the court, and judgment rendered upon the verdict. And this appeal is prosecuted to reverse that judgment.

The only question urged for a reversal in this case, is the sufficiency of the affidavit to sustain the proceeding in attachment. If no jurisdiction was acquired, all the proceedings based upon it were unauthorized, and could not afford any justification to the plaintiffs and justice of the peace. The objection urged against the affidavit is that it is only made on information and belief, and not as a positive fact, or fails to state such facts as prove the non-residence. This court, in the case of *Frye* v. *Flint*, 21 Ill. 80, holds that the allegation of

non-residence must be positive, and not upon information or belief, and if it is so made, that it is ground for a reversal. It is not, however, said in that case, that such an affidavit is void. It appears to be a rule of universal application, that a void thing is not amendable. It has no vitality, and is deemed to have no legal existence. It is a nullity, and hence is incapable of amendment. On the other hand, a proceeding which is not in all respects formal, but has substance, may usually be amended as to form, or where the statute has authorized the amendment of the proceeding, it cannot be regarded as void, but only voidable.

Where the statute has provided that affidavits in attachment proceedings might be amended, although informal, and not in conformity with its requirements, a sufficient amount of vitality was thereby imparted to such instruments as to render them voidable only, and not absolutely void. Defects which, independent of the statute, might have rendered such instruments a nullity, have been so far aided by this statutory right to amend, as to render them only voidable. The sixth section of the attachment act is broad and comprehensive in its provisions. It provides for the allowance of any amendment to the affidavit, writ, return or bond, or that a new affidavit or bond may be filed, which may be necessary to obviate objections to the same. Under this provision, amendments are allowed to a great extent, and to that extent the proceeding is not void. An affidavit might be so defective, that it could not be regarded as amendable, and would consequently be void. If it in no way referred to the parties, or failed to fix any amount of indebtedness, and failed to state any grounds for suing out the writ of attachment, it could not be regarded as an affidavit in the case, and would not be amendable. But where it contains the names of the parties, the amount of the indebtedness, and specifies any of the statutory grounds for issuing the writ, however defectively stated, or if it shall contain some of the statutory requirements and omits others, it may be amended. This affidavit states positively that Rees was indebted to Kinyon in the sum of $45.25, and that he was informed and believed that Rees was not a resident of this State. Whilst this affidavit was defective it was not void, and can only be attacked in a direct proceeding, and is sufficient to protect those acting under it.

After a careful examination of the pleas, we are unable to perceive any defect for which the demurrer should have been sustained, as they present a sufficient bar to a recovery. The court below, therefore erred in sustaining the demurrers to these pleas, and the judgment of the court must be reversed, and the cause remanded.                    *Judgment reversed.*