## PARSONS v. STOCKBRIDGE ET·AL.

ATTACHMENT.—*Affidavit in the Alternative.*—An objection to an affidavit in attachment, for being in the alternative, does not lie, when the disjunctive *or* is used, not to connect two distinct facts of different natures, but to characterize and include two or more phases of the same fact, attended with the same results.

SAME.— *Conveying Property by Debtor.—Evidence.*—A promise by a debtor to allow his creditor to take possession of his property, or his promise to pay, without a reasonable expectation of being able to do so, or statements of his expectations of realizing money, do not tend to show that the debtor is about to dispose of his property subject to execution, with the fraudulent intent to cheat, hinder, or delay his creditors.

SAME.—*Motion for New Trial.—Practice.*—If a motion in an attachment proceeding is for a new trial, "as well of the issue formed upon the attachment proceeding as of those formed upon the·note and account, and all of them," it may be regarded as a several motion upon the issues on the complaint and affidavit, and may be sustained as to the issues upon the affidavit and overruled as to the complaint.

APPEAL from the Elkhart Common Pleas.

OSBORN, C. J.—The appellees instituted an .action against the appellant, and procured an order of attachment, by virtue of which personal property of the appellant was seized. He moved to dismiss the attachment proceeding. The motion was overruled. Issues of fact were formed in the action, and on the affidavit for the order of attachment. There was a trial by jury, resulting in a verdict for the appellees on both issues; a motion for a new trial was filed by the appellant and overruled, and final judgment rendered for the amount found, and for a sale of the attached property to make the judgment. Proper exceptions were taken to the rulings of the court.

Several reasons are assigned for a new trial in the motion. We shall notice but two of them; that the verdict was not sustained by the evidence, and that the court refused·to give to the jury relevant and proper instructions.

The errors assigned are, overruling the motion to dismiss the attachment proceedings, and overruling the motion for a new trial.

The ground of the motion to dismiss the attachment was the insufficiency of the affidavit, in stating the cause for the attachment. The language of the affidavit is as follows: "That the said Albert D. Parsons is about to sell, convey, or otherwise dispose of his property subject to execution, with the fraudulent intent to cheat, hinder or delay, his creditors." 2 G. & H. 138, sec. 156, item 6. The objection to it is that it is in the alternative.

The objection is not well taken. Where the disjunctive *or* is used, not to connect two distinct facts of different natures, but to characterize and include two or more phases of the same fact, attended with the same results, the construction contended for is not applicable. Drake Attachments, sec. 102.

The material point in the affidavit required by the statute is, that the party is about to dispose of property subject to execution, with the fraudulent intent to cheat, hinder, or delay his creditors. The manner of doing it is not material. *Van Alstyne* v. *Erwine*, 1 Kern. 331; *The Commercial Bank of Manchester* v. *Ullman*, 10 Sm. & M. 411; *Bosbyshell* v. *Emanuel*, 12 Sm. & M. 63; *Hopkins* v. *Nichols*, 22 Tex. 206.

The parties were dealers in lumber, the appellees in Michigan and the appellant in Goshen, in this State. He had purchased lumber of them on credit, and was unable to meet his payments as they became due. Unsuccessful efforts had been made to induce him to sell to them lumber at wholesale prices to pay their claim. They claimed that he agreed, at the time of making the arrangements for purchasing on credit, that he would at any time turn over the lumber to them, or enough of it to satisfy their demands against him. He denied it. He had promised to pay them from time to time, and failed from inability. He had also represented to them that he expected to receive money, when, as they attempted to show, he had no reasonable expectations of getting it. He caused an invoice of the lumber to be taken, a short time before the order of attachment was issued. There was evidence, tending to show that he was negotiating for a loan of money,

for the purpose of paying off the claim of the appellees, and that he intended to mortgage the lumber, to secure the payment of the money. He had also, at the request of the appellees, purchased horses and turned them over to them on account. One of them had been purchased to be paid for in lumber, which was being delivered in payment for the horse when the order of attachment was issued.

The appellant asked many instructions, all of which were refused. We do not deem it necessary to enumerate all of them. The second and third were as follows : 2. " The fact that the defendant at the time he made the purchase from the plaintiffs promised that at any time that the plaintiffs might feel insecure, they should have the right to take possession of the defendant's property, if you find such promise to have existed, and that the defendant refused to perform such promise, would not tend to prove that the defendant was about to sell, convey, or otherwise dispose of his property, subject to execution, with intent to cheat, hinder, or delay his creditors.

" 3. The fact that a debtor, pressed by his creditor for payment of his debt, promised to pay him, when he had no reasonable expectations of being able to do so, or states to him that he expects to realize money from sources not within his reasonable expectations, does not tend to prove that the debtor was then about to sell, convey, or otherwise dispose of his property, subject to execution, with fraudulent intent to cheat, hinder, or delay his creditors."

The issue on the affidavit was whether the appellant was about to dispose of his property, subject to execution, with the fraudulent intent to cheat, hinder, or delay his creditors. His promises to allow the appellees to take possession of his property, or his promises to pay without reasonable expectations of being able to do so, or statements of his expectations of realizing money, could not tend to establish the issue. The one would simply show that he had broken his promise; the other, that he had not told the truth. The instructions should have been given.

There was not sufficient evidence before the jury to sustain the verdict on the affidavit. There was no evidence of any attempt to sell his property or any of it, except in the ordinary course of trade; none showing any purpose, design, expectation, or offer to sell. The appellees attempted by persuasions and threats to induce him to give to them a preference over other creditors; and because he would not, they attached his property. The member of the firm who attempted to secure their pay and made the affidavit testified: "I got out the writ of attachment, because Parsons would not turn out lumber at wholesale prices. I relied upon the fact that he was losing money as an element of fraud." One of the agents of the appellees who endeavored to induce the appellant to pay or secure the debt, and who assisted in getting out the attachment, testified that the attachment was issued because the appellant would neither pay nor secure the debt.

The appellant was not bound to sell to the appellees, in order to pay or secure their claim against him. He was under no legal obligation to give them a preference over other creditors. Although there was no evidence that he was insolvent, nevertheless, such an act would have been an act of bankruptcy, under the bankrupt law.

The verdict in favor of the appellees on the complaint is sustained by the evidence. The verdict on the affidavit is not. The appellees insist that under the motion no new trial can be granted on the latter issue alone. We think otherwise. The motion was for a new trial "as well of the issue formed upon the attachment proceedings as of those formed upon the note and account, and all of them." We think it may be regarded as a several motion upon the issues on the complaint and affidavit.

There are many other questions discussed with much ability by counsel, but we do not deem it necessary to decide them in this case.

The judgment of the said court of common pleas, in favor of the appellees, for the amount specified in the verdict of

the jury, is affirmed. The judgment ordering a sale of the attached property is reversed, with costs. Cause remanded, with instructions to the court below to grant a new trial on the issue on the affidavit for the order of attachment, and for further proceedings in accordance with this opinion.

*A. S. Blake* and *R. M. Johnson,* for appellant.

*W. A. Woods* and *G. D. Copeland,* for appellees.