## No. 13,535.

### COLEMAN & SHARPE VS. E. S. TEDDLIE AND J. M. NUGENT.

#### SYLLABUS.

In suing out a writ of attachment, the creditor is entitled to state the grounds upon which he claims it disjunctively, substantially as the Code of Practice recites, and is not required to charge one or the other in precise terms.

An intervenor to whom judgment awards the value of improvements, is not entitled to retain possession of land, as against a seizing creditor, until same is paid for.

IN RE E. S. Teddlie and J. M. Nugent applying for *certiorari*, or writ of review, to the Court of Appeal, Third Circuit, Parish of Grant, State of Louisiana.

---

*William C. Roberts, A. B. Clark* and *J. T. Wallace*, for Applicants.

---

*J. A. Williams*, for Respondents.

---

The opinion of the court was delivered by

WATKINS, J. In the original suit, plaintiffs sought to recover a money judgment for the sum of $700.00 on a mortgage note, and accompanied their demand with an application for a writ of attachment, based upon the charge "that the defendants are now about to mortgage, assign, or dispose of their property, rights or credits, with

the intent to defraud their creditors, or give an unfair preference to some of them; that they have converted, or are about to convert (same), into money or evidences of debt, with intent to place it beyond the reach of their creditors," etc.

Under the writ, an improved tract of land was seized, and a third person intervened and claimed the *bona fide* ownership of a part of same, accompanied with actual possession thereof.

By the District Court, the attachment was dissolved, judgment for the debt and mortgage rendered against defendants, and the intervention went out of court; and from that judgment the plaintiffs appealed to the court of the respondents, and it amended same by sustaining the attachment, rejected the demand of the intervenor for the part of the land he claimed, but gave him judgment for the sum of $950.00 as the value of the improvements he had placed thereon.

It is of the judgment of the Court of Appeal that the defendant, E. S. Teddlie, and the intervenor, J. M. Nugent, complain, as being contrary to the principles of law and the jurisprudence of this court.

The following extract from the brief of the relators' counsel puts their case very clearly:

"This case commenced by suit on a note and mortgage against E. S. and E. W. Teddlie, coupled with an attachment.

"The attachment was levied upon the property mortgaged, and upon forty acres of land—other property, as the property of E. S. Teddlie.

"E. S. Teddlie sold part of this forty acres by a verbal contract sometime before the attachment was levied to J. M. Nugent, and a portion to one, Seiss, no deed being passed; and by consent of Seiss, Nugent and Teddlie Nugent was substituted as the vendee of the portion that was intended to be conveyed to Seiss.

"Nugent intervenes and claims to be the owner of the forty acres of land described in his petition. Before answering, defendants excepted and moved to dismiss the attachment on the ground that the allegations of the petition were too vague to support the same, and that the grounds in the attachment are stated in the alternative. This exception was tried and overruled, whereupon, the defendant filed a general denial, specially denying that there was any ground for the attachment; prayed for its dissolution and for $75.00, attorney's fees, as damages.

"The case came on for trial in the District Court. The court recognized the mortgage, gave judgment for the amount of the note, but dissolved the attachment and dismissed the intervention of J. M. Nugent as in case of non-suit.

"On appeal to the Circuit Court, that court sustained the attachment, gave judgment in favor of Nugent against Teddlie for $950.00 for improvements placed on the land claimed by him, and otherwise affirmed the judgment of the District Court.

"Defendant, E. S. Teddlie, complains of the judgment of the Circuit Court sustaining the attachment, and J. M. Nugent complains of the judgment of that court as affecting his intervention. So, at the ruling of the Circuit Court sustaining the attachment, and rendering an improper judgment on the demand of J. M. Nugent, this brief is principally directed."

The defendant and intervenor join in one petition, though the grounds on which they claim relief are separately stated. Of these of the defendant, many relate to the course of the proceedings at the trial and the admissibility *vel non* of evidence, the regularity or correctness of which were matters for the respondent court to determine on appeal, but do not present questions of such an extraordinary character as to justify a review at our hands of the whole litigation.

The point to which the brief of relators' counsel chiefly directs our attention is, that the respondent court gave no consideration to the defendant's motion to dissolve the attachment, and which, in their opinion, if same had been considered, would have resulted in an affirmance of the judgment of the District Court.

The ground relied upon is, that the plaintiff's affidavit affirmed that the defendants are about to mortgage, assign *or* dispose of their property, rights *or* credits, with intent to defraud their creditors, *or* give an unfair preference to some of them; that he has converted *or* is about to convert his property into evidences of debt, etc.; and said charges being made *disjunctively,* same are bad because of vagueness and uncertainty, or, in other words, neither one charge or the other is distinctly and clearly made, in such manner that the defendant might know how to prepare his defense.

We do not regard the objection as having been well taken; but that, on the contrary, the affidavit was entirely justified by the precise language of the law, the object of which was to enable the creditor to prevent a fraud being perpetrated on his rights.

The system of alternative pleading, both in petitions and exceptions, has been approved by this court in many cases; and it has especially found favor in matters of fraud and simulation. Johnson vs. Mayer, 30 Ann. 1203.

Obtaining a writ of attachment is often a strike in the dark, and were the creditor necessitated to state specifically the precise ground upon which he relied, he would often make a mistake and lose his claim.

We are not aware of any decision that so decides, and we are unwilling to set the precedent.

On the part of the intervenor, the point relied upon is that the respondent court erroneously declined to decree him entitled to retain the possession of the land until the amount awarded for improvements was first paid, before the attaching creditor could execute his judgment against it—his contention being that he is entitled to the rights of a possessor in good faith.

But his counsel make the admission that the intervenor was in possession of the land under a *verbal* sale, at the time plaintiff's attachment was levied upon it. Of course such a sale is not evidence as to third persons and seizing creditors, and gives intervenor no protection.

We think the respondents decided the case correctly.

It is, therefore, ordered and decreed that the relief prayed for by the relators be denied at their costs.

Rehearing refused.