(119 N. W. 169.)

---

McCarthy Brothers Company, a Corporation v. McLean County Farmers Elevator Company, a Corporation, and P. J. Hester, Defendants and Respondents, and James F. Wiltsie, Defendant.

Opinion filed December 14, 1908.

### Attachment — Affidavit Stating More Than One Ground.

1. An affidavit for an attachment, which states in the language of the statute, that the debtors "have sold, assigned, transferred, secreted or otherwise disposed of, or are about to sell, assign, transfer, secrete or otherwise dispose of their property with intent to cheat or defraud their creditors," states but one ground for attachment.

Same.

2. The use of the disjunctive conjunction "or" in subdivision 4, section 6938, Rev. Codes 1905, is not to connect two grounds for an attachment, but said subdivision states one ground only consisting of different phases of facts or conditions, intimately related, pertaining to that one ground.

Appeal from District Court, McLean county; *Winchester, J.*

Action by the McCarthy Bros. Company against the McLean County Farmers' Elevator Company and others, in which action an attachment was procured and levied upon defendants' property. From an order vacating the attachment, plaintiff appeals.

Reversed and remanded.

*Newton & Dullam, (A. L. Brice, of Counsel),* for appellant.

The disjunctive "or" as used in the statute may be employed in an affidavit, to characterize and include two or more phases of the same fact, attended with the same result. 3 Enc. Pl. & Pr., 24, 25; Drake on Attachment, 100; Tessier v. Lockwood, 24 N. W. 734; Wood v. Wells, 2 Bush (Ky.) 197; Klenk v. Schwalm, 19 Wis. 111; Winner v. Kuehn, 72 N. W. 227; McCraw v. Welch, 2 Col. 284; Blinn v. Davis, 56 Tex. 423; Collman v. Teddlie, 30 So. 99; 4 Cyc. 505; Johnson v. Mayer, 20 La. Ann. 1203; Penniman v. Daniels, 190 N. C. 154; Howard v. Oppenheimer, 25 Md. 350; Bobyshell v. Emanuel, 12 Smeads & Marshall, 63; Dawley v. Sherwin, 59 N. W. 1027.

*McCulloch & Gibson* and *S. E. Ellsworth,* for respondents.

An affidavit that states two different, separate and distinct grounds of attachment in the alternative is fatally defective. 3 Enc. Pl & Pr. 23, and cases cited; 4 Enc. of Law & Proc. 504; Birchall v. Griggs, 4 N. D. 305, 60 N. W. 842; Guile v. McNanny, 100 Am. Dec. 244; Stacy v. Stichton, 9 Iowa, 399; Cronin v. Crooks, 27 N. Y. Supp. 822, 38 N. E. 268; Dintruff v. Tuthill, 17 N. Y. Supp. 556; Kagel v. Schrenkeisen, 37 Mich. 174; Cook v. Burnham, 44 Pac. 447; Blackinton v. Rumpf, 40 Pac. 1063.

MORGAN, C. J. This is an action for the recovery of money upon contract, and at the time that the summons was issued a writ of attachment was procured, and thereafter levied upon the property of the defendant the McLean County Farmers' Elevator Company. The sole contention between the parties on this appeal is as to the

—12—

sufficiency of the affidavit on which the writ of attachment was issued. So far as the question in issue is concerned, the affidavit is as follows: "And that the defendants have sold, assigned, transferred, secreted, or otherwise disposed of, or are about to sell, assign, transfer, secret, or otherwise dispose of, their property, with the intent to cheat or defraud their creditors, or to hinder or delay them in the collection of their debts." The McLean County Farmers' Elevator Company and P. J. Hester appeared in the action, and moved to dissolve the attachment on the ground "that the said attachment was improvidently issued * * * without the filing of a sufficient and proper affidavit for attachment." After a hearing upon said motion the district court granted the same, and vacated the levies which had been made under the writ. Subsequently, and within the time prescribed by the statute, the plaintiff appealed to this court from the order vacating the attachment.

Respondents contend that the affidavit states no ground for attachment, for the alleged reason that two distinct grounds are stated in the affidavit, and that such distinct grounds are connected by a disjunctive conjunction, which fact renders the statements of the affidavit meaningless and inconsistent. The appellant contends that but one ground is stated in the affidavit, and that such ground is set forth in literal compliance with the provisions of the statute. The statute prescribing what an affidavit for attachment shall state is as follows (section 6938, Rev. Codes, 1905) : "In an action on a contract or judgment for the recovery of money only, the wrongful conversion of personal property, or for damages, whether arising out of contract or otherwise, the plaintiff, at or after the commencement thereof may have the property of the defendant attached in the following cases: * * * (4) When the defendant has sold, assigned, transferred, secreted or otherwise disposed of, or is about to sell, assign, secrete or otherwise dispose of his property, with intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts." Although the authorities do not agree as to the construction which statutes like the one before us should receive, we are agreed they should be construed so that groups or classes of facts of conditions, connected disjunctively and placed under one subdivision as grounds for an attachment, should be deemed but one ground where they relate, in a general way, to one subject or condition, or to different phases of one general subject, leading to one and the same result.

In this case the subject dealt with under subdivision 4 is the fraudulent sale or assignment or disposition of property with fraudulent intent as a ground of attachment. Whether the defendant is about to assign or sell, or has assigned or sold, his property with fraudulent intent, it is equally a ground for an attachment. Whatever the state of the transaction contemplated is, it is equally a ground for attachment, whether the sale has been consummated, or is in process of completion. The result is the same as to the fraudulent character of the transaction. In either case it is fraudulent, and is a ground for issuing an attachment writ. It is often very difficult, if not impossible, to determine whether the fraudulent scheme has been consummated, and that fact would often render an attachment wholly ineffectual if the creditor must determine beforehand whether the fraudulent sale has been completed or is in process of completion. It will be noticed that the affidavit is in the exact language of subdivision 4 of said section 6938. Other subdivisions of that section relate to other grounds of attachment in the alternative. For instance, subdivision 2 of the section states as a ground of attachment that the "defendant has absconded or concealed himself." Subdivision 3 states as a ground for attachment that the defendant "has removed, or is about to remove," his property. We think it therefore clear that it was the legislative intention to make the facts stated in subdivision 4 of said section 6938 a separate ground of attachment, and, when they are stated in the language of the subdivision, are to be considered as one ground of attachment only, although stated disjunctively. The intent was, it seems clear to us, to include as one ground of attachment a sale, or contemplated sale, of one's property with fraudulent intent. The disjunctive conjunction "or" in such cases is not meant to connect independent grounds, but different phases of one ground.

Although there is a wide discrepancy in the holdings of the courts on this question, in different states where the statutes are like ours, we think that the better rule is stated as follows: "Where the statute, which defines grounds for attachment, separates them into groups or subdivisions, an affidavit which follows the language of the statute in setting forth a cause embraced by one of the groups or subdivisions is sufficient. And though the statement of the grounds for attachment be made in the alternative by the use of the disjunctive conjunction 'or,' yet, if they are of the same class and

character, being the consummation of one wrongful act, the statement will be deemed consistent, and an attachment issued thereon sustained.   Ordinarily, however, an alternative statement or the averment of two grounds disjunctively will be void for uncertainty, as will be shown in the next succeeding section."   Shinn on Attachment and Garnishment, § 145, p. 237.   In section 146 the same authority says: "When the statute employs the disjunctive conjunction 'or' in connecting phrases, which, taken together, state but one ground for attachment, an affidavit following the words of the statute is not objectionable.   As for example, an averment that the debtor 'is converting, or is about to convert, his property into money, or is otherwise about to dispose of his property with intent,' etc., states but one ground for attachment.   *   *   *   An averment that the debtor has 'absconded or concealed himself,' etc., forms but one ground for attachment; and, where it is doubtful whether he has 'departed or keeps concealed,' the fact may be alleged in the alternative form.   The statement in the affidavit that the plaintiff has good reason to believe that the defendant has done, or is about to do, the act complained of will not invalidate the affidavit when the statute allows an attachment for either case."   In Waples on Attachment and Garnishment, § 136, the rule is stated as follows: "The use of the disjunctive is allowable in affidavits, if the statute uses it in such a sense as to express but one ground. For instance, if the grounds are numbered in the statute, and under one number is placed the ground 'if the debtor absconds or conceals himself,' may not the affiant swear that his debtor has absconded or is concealing himself?   It is, under some circumstances, the only honest form of path that the plaintiff can take with regard to his debtors' disappearance.   When the leading idea of a statute ground for attachment is the avoidance of process by absconding, the means of avoidance may be sworn to in the alternative; so may incidental facts respecting other leading grounds."   In Wood v. Wells, 2 Bush (Ky.) 197, the court said: "In setting out the grounds of attachment, the alternative word 'or' is used; but the grounds alleged are of the same class or character of acts, and are so intimately connected with the consummation of the wrongful act, usually in such cases following in quick succession, the conception to carry it out, it is most difficult to know or ascertain when the sale or disposition of the property, which is the last act of the drama, is accomplished; and the one may therefore, and perhaps

should be, regarded as the antecedent of the other, and the grounds may be thus stated to guard against an error as to how the fact is. But even if it be taken as the statement of two grounds of attachment in the alternative, it must be regarded as sufficient. The appellant could neither be surprised nor prejudiced by the grounds being thus stated." In Klenk v. Schwalm, 19 Wis. 111, the court said: "These causes for an attachment, it is insisted, are repugnant and inconsistent, because is is argued that, if a man has assigned, disposed of, or removed his property with intent to defraud his creditors, there is no reason for saying that he is about to do it. The statute allows an attachment for several causes, one of which is 'that the defendant has assigned, disposed of, or concealed, or is about to assign, dispose of, or conceal, any of his property with intent to defraud his creditors.' It is impossible frequently, for a creditor to ascertain whether a debtor has actually consummated a fraudulent transfer of his property or whether he is about to do so, and therefore the Legislature has made these one ground for an attachment. Fraudulent sales are generally secret, 'and it may be very difficult to say at a given moment whether they are fully accomplished or not. * * *' And when regard is had to the manner in which the Legislature has enumerated the different cases in which the attachments may issue, there can be no doubt that the second subdivision of section 2 (Rev. St. 1858, c. 130) was considered as constituting in fact one ground or cause of attachment." The following authorities sustain the principle laid down by the cases from which the foregoing quotations are taken: Enc. P. & P vol. 3, pp. 24, 25; Drake on Attachment, § 102; Cyc., vol. 4, p. 505; Tessier v. Englehart, 18 Neb. 167, 24 N. W. 734; Winner v. Kuehn, 97 Wis. 394, 72 N. W. 227; McCraw v. Welch, 2 Colo. 284; Coleman v. Teddlie, 106 La. 192, 30 South, 99; Cook v. Burnham, 3 Kan, App, 27, 44 Pac. 449; Penniman v. Daniels, 90 N. C. 154; Howard v. Oppenheimer, 25 Md. 350; Dawley v. Sherwin, 5 S. D. 594, 59 N. W. 1027; Parsons v. Stockbridge, 42 Ind. 121; Conrad v. McGee, 9 Yerg. (Tenn.) 428; Irvin v. Howard, 37 Ga. 18; Johnson v. Emery, 31 Utah, 126, 86 Pac. 869.

In ruling that the affidavit stated more than one ground for attachment, the trial court erred. Order reversed and cause remanded for further proceedings. All concur.