(No. 13819.—Reversed and remanded.)
JAMES M. RABBITT, Appellant, *vs.* FRANK C. WEBER & CO. *et al.* Appellees.

*Opinion filed April 21, 1921.*

1. ATTACHMENT—*a judgment without jurisdiction may be attacked collaterally by any party interested in the subject matter.* Where a court acquires no jurisdiction to render a judgment in attachment, the judgment and all proceedings under it are void, and their validity may be disputed collaterally as a basis of title by any person having an interest in the subject matter.

2. SAME—*in order to confer jurisdiction, affidavit must conform to statute.* An attachment proceeding is wholly statutory and must strictly conform to the statute, and the affidavit, which is the foundation of the suit, must meet the requirements of the statute in order to confer jurisdiction if there is no personal service or appearance by the defendant.

3. SAME—*when affidavit does not give court jurisdiction.* If the affidavit for an attachment contains the substantial elements of the statute and is merely defective it is amendable and the court is not without jurisdiction, but if an essential element of the statute is entirely omitted the court is without jurisdiction and the proceeding is without authority of law.

4. SAME—*law will not protect purchaser under void judgment.* The law presumes that all men inspect public records through which a title is derived and will not protect a purchaser under a void judgment in attachment.

5. SAME—*when notice of attachment is insufficient.* A notice of an attachment is insufficient to confer jurisdiction of the persons of the defendants where it is served by mailing a single copy addressed to both defendants at a place where they do not reside and where there is no statement in the affidavit as to the place of residence of either of the defendants.

6. SAME—*when judgment and sale in attachment may be set aside by bill of subsequent owner of property.* A judgment and sale in attachment may be canceled and the deed to the purchaser set aside at the suit of a complainant who has succeeded to the title of the debtor in attachment where the court authorizing the attachment acquired no jurisdiction of the person of the debtor, as the entire proceedings culminating in the sale and deed are *coram non judice* and void.

7. FREEHOLD—*when a freehold is involved.* A freehold is involved in any case where it is the purpose of the suit to set aside a sale of real estate.

8. CONSTITUTIONAL LAW—*due process of law prevents 'a divestiture of title without notice and an opportunity to be heard.* Jurisdiction over parties is only obtained by notice, actual or constructive, and a judgment pronounced without such jurisdiction is void, as due process of law prevents a divestiture of title without notice, and not only requires notice but also entitles the defendant to an opportunity to be heard.

9. JURISDICTION—*distinction between jurisdiction of person and of subject matter.* The difference between jurisdiction of the person and of the subject matter is, that jurisdiction of the subject matter is given by law and cannot be conferred by consent, while jurisdiction of the person may be conferred by consent; but both kinds of jurisdiction must concur or the judgment is void.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE F. RUSH, Judge, presiding.

GEORGE B. COHEN, (JOHN T. MURRAY, and CHARLES G. HUTCHINSON, of counsel,) for appellant.

ROBERT F. KOLB, ERNEST H. ALLEN, and SAMUEL M. MYERS, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, James M. Rabbitt, filed in the circuit court of Cook county his bill of complaint against the appellees, Frank C. Weber & Co., a corporation, and John J. Ward, its attorney, praying the court to set aside a sale and deed to the attorney of lot 32, in block 5, of Murdock, James & Company's Archer Avenue addition in Chicago, at 4950 Archer avenue, under a judgment in attachment against the property of Margaret Fischer and to enjoin the defendants from interfering with the property or the possession of the same. A demurrer to the bill was sustained and an amended bill was filed, to which the court again

sustained a demurrer. A second amended bill was filed, and the defendants having demurred to it, the demurrer was sustained. After the third attempt to state facts entitling him to the relief prayed for, the complainant elected not to make a further effort by amendment and the bill was dismissed for want of equity at his costs and he appealed.

The facts alleged in the bill and admitted by the demurrer to be true for the purpose of testing the question whether, if proved, they would entitle the complainant to relief, are as follows: Margaret Fischer was the owner of the lot, which was improved by a brick building, on the ground floor of which there was a store room, with living rooms in the rear, and two flats in the second story, occupied by tenants. On December 5, 1918, an affidavit for a writ of attachment was filed in the municipal court, signed and sworn to by the attorney, setting forth that Herman O. Fischer and Margaret Fischer were indebted to Frank C. Weber & Co. in the sum of $179.30 for goods, wares and merchandise sold and delivered; that Herman O. Fischer and Margaret Fischer had within two years last past fraudulently conveyed or assigned their effects, or a part thereof, so as to hinder and delay their creditors, and that they had within two years last past fraudulently concealed or disposed of their property so as to hinder and delay their creditors. The affidavit stated nothing as to the place of residence of either of the defendants but was wholly silent as to facts concerning the same required by the statute as a basis for the writ. It did not state that the defendants, or either of them, were not residents of the State or had departed from the State or on due inquiry could not be found or were concealed within the State so that process could not be served upon him or her, nor that the place of residence of the defendants, or either of them, was not known or upon diligent inquiry the affiant had not been able to ascertain the same. A writ of attachment was issued out of the municipal court returnable on De-

cember 6, 1918, and the bailiff levied the writ on the lot
and filed a certificate of levy in the office of the recorder
of deeds of Cook county. He made a return of the levy
and that upon due inquiry he was unable to find the de-
fendants in Chicago. The defendants lived on the north
side in Chicago, and any inquiry at the lot or building at
4950 Archer avenue would have made known their place
of residence. On January 6, 1919, the bailiff filed an at-
tachment notice notifying the defendants to appear on Jan-
uary 27, 1919, and certified that he had posted three copies
of the notice on January 9, 1919, and had mailed a copy
of the notice addressed to H. O. Fischer and Margaret
Fischer at 4950 Archer avenue, Chicago. The defendants
did not live at that place and never received a notice. On
January 27, 1919, judgment for $179.30 and costs was en-
tered by default and a special execution was ordered. On
April 17, 1919, Margaret Fischer filed her motion to va-
cate the judgment, based on her affidavit that the affidavit
of the attorney was false; that she never had any business
dealings with Frank C. Weber & Co., never purchased any
goods, wares or merchandise from it and never had any
account with that company; that she was not, and never
had been, indebted to it; that there was no service of sum-
mons on her or notice to her; that she had lived continu-
ously in Chicago and never secreted herself or attempted
to avoid the service of summons; that she had no knowl-
edge of the pendency of the suit until shortly before mak-
ing the motion; that she had not within two years fraudu-
lently conveyed or assigned her effects, or any part thereof,
with the intention of hindering or delaying her creditors,
and had not at any time concealed or disposed of her
property so as to hinder or delay her creditors. The court
overruled the motion, and assigned as a reason that more
than thirty days had elapsed and the court was without
jurisdiction to act. A special execution was issued against
the lot, and the bailiff filed a certificate of levy on Febru-

ary 17, 1919, and advertised the property in the *National Corporation Reporter* for a sale on June 21, 1920, at ten o'clock. On May 6, 1919, Margaret Fischer sold the lot to the complainant and conveyed it to him by deed. On June 21, 1920, the bailiff sold the property to the attorney for the plaintiffs for $229.15, and the sale was made at nine o'clock although advertised for ten o'clock. The bailiff executed a deed to the attorney on the day of the sale and it was recorded in the recorder's office of Cook county. The property was worth more than $5000 and was incumbered for about $2600. The attorney to whom the deed was made served notice upon the complainant's tenants, directing them to pay rent to him and threatening to evict and dispossess them if they failed to do so, and was attempting to exercise the rights of an owner. The bill charged, as a matter of law, that the judgment, sale and deed were void and of no force or effect because in violation of constitutional rights, as an attempt to deprive the owner of property without due process of law.

It will be seen that many of the facts stated in the bill, such as the falsity of the affidavit and the existence of a meritorious defense, would be available only to Margaret Fischer, but if the municipal court had no jurisdiction to render the judgment, it and all proceedings under it are utterly void and their validity may be disputed collaterally as a basis of title by any person having an interest in the subject matter. (*Goudy* v. *Hall*, 30 Ill. 109; *Miller* v. *Handy*, 40 id. 448; *Campbell* v. *McCahan*, 41 id. 45; *Clark* v. *Thompson*, 47 id. 25; *Huls* v. *Buntin*, id. 396.) The complainant having purchased the property had a right to question the jurisdiction of the municipal court, and his bill involved a construction of the constitution. A freehold is also involved in any case where it is the purpose of the suit to set aside a sale of real estate. *McCallum* v. *Chicago Title and Trust Co.* 203 Ill. 142; *Barnes* v. *Henshaw*, 226 id. 605; *Bondurant* v. *Bondurant*, 251 id. 324.

Section 2 of the bill of rights provides that no person shall be deprived of life, liberty or property without due process of law, under which no citizen can be deprived of property without due notice and an opportunity to be heard in defense and enforcement of his right. This court expressed the principle in *Haywood* v. *Collins*, 60 Ill. 328, by saying that the very security of property requires notice of some kind to the owner before he should be deprived of it, and justice can never be administered in its true spirit when either the person or property is condemned without notice. The principle did not originate in the American system of constitutional law. (*Munn* v. *Illinois*, 94 U. S. 113.) It was preserved in Magna Charta but was known before and regarded as a part of the ancient English Liberties; (*Ochoa* v. *Hernandez y Morales*, 230 U. S. 139;) and well it may have been, because it is fundamental in every conception of justice, and while it came to this country as a part of the common law, it is both the constitutional and statutory rule in the judicial system of the Federal government and of every State. Without notice and an opportunity to defend, the right of private property could not exist in the sense in which it is known to our laws, and this general principle has been frequently declared. (*Bickerdike* v. *Allen*, 157 Ill. 95; *Gage* v. *City of Chicago*, 225 id. 218; *Flexner* v. *Farson*, 268 id. 435; 6 R. C. L. 433; 12 Corpus Juris, 1228.) There is a necessary limitation in cases where the proceeding is merely *in rem* and the necessities of the case require substituted service, but even in such cases the statute must provide for such service and the notice required must be given. Due process of law prevents a divestiture of title without notice and an opportunity to be heard, and it is elementary that jurisdiction over parties is only obtained by notice, actual or constructive, and a judicial judgment pronounced without such jurisdiction is void. (*Campbell* v. *Campbell*, 63 Ill. 462.) Under the constitutional provision a party is not only entitled to no-

tice of the proceeding against him but is also entitled to be heard in his defense, (*Hultberg* v. *Anderson,* 252 Ill. 607,) and the rule extends to every right which a citizen has. *Klafter* v. *Examiners of Architects,* 259 Ill. 15.

Jurisdiction is of two kinds,—jurisdiction of the subject matter and of the person,—and both must concur or the judgment will be void in any case in which a court has assumed to act. The difference is that jurisdiction of the subject matter is given by law and cannot be conferred by consent, but jurisdiction of the person may be obtained by consent. Assuming that the municipal court had jurisdiction of the subject matter it must have had jurisdiction of Margaret Fischer, and if it had not, the judgment was altogether void and no right of property was divested by means of it.

An attachment proceeding was unknown to the common law and is a harsh one in derogation of that law, and being wholly statutory must strictly conform to the statute. (*Haywood* v. *Collins, supra.*) The affidavit is the foundation of the suit, and it must meet the requirements of the statute in order to confer jurisdiction if there is no personal service or appearance by the defendant. (*Eddy* v. *Brady,* 16 Ill. 306; *Pullian* v. *Nelson,* 28 id. 112.) If an affidavit contains the substantial elements of the statute and is merely defective it is amendable and the court is not without jurisdiction, and it has been several times held that in such a case the judgment is not void and is a defense to strangers acting under it. *Booth* v. *Rees,* 26 Ill. 45, is an example of such cases where the affidavit as to residence was on information and belief, but if an essential element of the statute is entirely omitted there is nothing to amend and the proceeding is without authority of law. In this case the person who purchased at the sale is the one who made the affidavit and had notice of its contents, and can not be said to have occupied the relation of a stranger relying upon the judgment, whether he purchased for him-

self or for his client. If he should be regarded as a stranger to the record the law presumes that all men inspect public records through which a title is derived before purchasing, and on failure to do so the law will not protect a purchaser from the consequences of purchasing under a void decree. *Morris* v. *Hogle,* 37 Ill. 150.

There was no notice to the defendant Margaret Fischer and no appearance by her. She alleged that she knew nothing about the suit, and she was not bound to take notice of it if she had known of it. The bailiff certified that he mailed a notice to H. O. and Margaret Fischer at 4950 Archer avenue, where they did not reside, and there was no basis in the affidavit for sending notice there. If there had been, the notice was insufficient, as was held in *Dennison* v. *Taylor,* 142 Ill. 45, where a copy of a notice was addressed to A. T. and F. W. Dennison, and the court held that two defendants cannot be served with notice by mailing a single copy to the two, and such service *prima facie* is void as to both. In this case there was not merely a defect in the affidavit for attachment, but it lacked entirely an essential element to confer jurisdiction of Margaret Fischer.

The cases of *Durham* v. *Heaton,* 28 Ill. 264, *Shirk* v. *Gravel Road Co.* 110 id. 661; *Hogue* v. *Corbit,* 156 id. 540, and *Clark* v. *Glos,* 180 id. 556, relied upon to sustain the decree, have no relevancy to the question here involved. In *Durham* v. *Heaton* there was merely a variance in the execution from the amount of a valid judgment. In *Shirk* v. *Gravel Road Co.* an execution fair on its face was issued on a valid judgment pending an appeal. In *Hogue* v. *Corbit* there was a writ of attachment against the property of Thornton with personal service and an appearance by him, and there had been an attempt to comply with the requirements of the statute although some of them were defectively stated. In *Clark* v. *Glos* the objections were to inadequacy of price and failing to sell in the inverse order of alienation.

Íf the fact alleged in the bill concerning the affidavit for the writ of attachment shall be proved, the necessary conclusion will be that there was no jurisdiction of the person of Margaret Fischer, and the whole proceedings culminating in the sale and deed were *coram non judice* and void and must be so held at the suit of the complainant.

The decree is reversed and the cause remanded, with directions to overrule the demurrer to the second amended bill.

*Reversed and remanded, with directions.*

---

(No. 13666.—Reversed and remanded.)
GERALDINE DUSTIN *et al.* Appellants, *vs.* MARGARET HELEN CULL BROWN *et al.* Appellees.

*Opinion filed April 21, 1921.*