(No. 28163.—)
EDWARD H. S. MARTIN *et al.*, Appellants, *vs.* MARION
SCHILLO *et al.*, Appellees.

*Opinion filed March 21, 1945.*

EDWARD H. S. MARTIN, and JOHN B. KING, both of
Chicago, for appellants.

TENNEY, SHERMAN, ROGERS & GUTHRIE, (S. ASHLEY
GUTHRIE, of counsel,) both of Chicago, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The suit out of which this present controversy grew
was filed in the superior court of Cook county by appellant
Edward H. S. Martin as plaintiff, for an accounting and

recovery of attorney's fees claimed due him. The appellees, Marion Schillo, Adele Schillo and Dorothy S. Fischer were made defendants. No personal service was had and on May 16, 1942, Martin filed an affidavit for attachment claiming $2655 to be due him. Notice was given by publication and mailing. Writ of attachment was issued and levied upon the real estate in the city of Chicago involved in this proceeding and owned by the three named defendants as tenants in common.

On August 5, 1942, the trial court found it had jurisdiction of the subject matter and the parties, entered a default judgment for the amount claimed and a special execution was issued on that judgment. On September 15, 1942, the attached real estate was sold by the sheriff for the amount of plaintiff's claim and costs, and the sheriff issued his certificate to Grace B. Martin, wife of the plaintiff. On December 18, 1943, the period of redemption having expired, a sheriff's deed was issued conveying four fifths of the attached real estate to Grace B. Martin and one fifth to Celia King, wife of plaintiff's attorney. On February 28, 1944, the defendants in the attachment suit, appellees here, filed a sworn petition seeking to set aside the judgment in attachment, execution, sale and sheriff's deed, on the grounds, among others, that the affidavit for attachment was not sufficient to give the court jurisdiction of the subject matter, and that Marion Schillo did not receive a copy of the notice because, as the returned envelope shows, it was mailed to the wrong address, and that for these reasons the judgment was void and all proceedings had thereunder should be set aside. This sworn petition also averred that the defendants, appellees, did not learn of the judgment, sale of and deed to their real estate until on or about December 30, 1943, some fifteen days after the period of redemption from the sheriff's sale had expired, and that they were nonresidents, residing in Philadelphia. They state further that

they immediately came to Chicago, retained counsel, prepared and filed their petition referred to.

Grace B. Martin and Celia King were made parties defendant to the petition by reason of their claimed interest in the real estate and O. H. Knecht Company, a corporation, was made party as the one collecting the rentals from the real estate as the agent of Grace B. Martin and Celia King. Notice of the petition was also served on appellant Martin.

A trial was had before the court upon the pleadings and record and the court held the judgment, sale and deeds null and void on the ground that the court did not have jurisdiction of the subject matter nor of the parties in the attachment suit. The question involved on this appeal is whether such is a correct holding. It is claimed by appellants here that the trial court did have jurisdiction in the attachment suit, hence the judgment of the court in the present proceeding is erroneous. If the trial court in the attachment suit did not have jurisdiction of the subject matter, its judgment in that suit was void and without any effect and may be questioned at any time or place. (*Chicago Title and Trust Co.* v. *Mack,* 347 Ill. 480; *Steenrod* v. *Gross Co.* 334 Ill. 362; *Armour Grain Co.* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Co.* 320 Ill. 156.) Jurisdiction of the subject matter is always conferred by law. *Smith* v. *Herdlicka,* 323 Ill. 585; *People ex rel. Dorris* v. *Ford,* 289 Ill. 550; *Oakman* v. *Small,* 282 Ill. 360.

Attachment proceedings are statutory. To give the court jurisdiction of the subject matter and the parties the statute must be strictly complied with. Appellees say this was not done in this case for two reasons: (1) The affidavit for attachment was in the alternative and therefore insufficient in law to confer jurisdiction of the subject matter, and (2) the record shows on its face that notice was not mailed to Marion Schillo at the address stated in the

affidavit, therefore the court did not obtain jurisdiction of her person, and the judgment being a joint judgment against the three defendants and being void as to her, it is void as to all defendants.

Attachment was unknown at the common law and, being a statutory proceeding, the affidavit required by the statute for the writ must meet all the essential requirements of the statute to give the court jurisdiction of the subject matter. (*Rabbitt* v. *Weber & Co.* 297 Ill. 491; *Thormeyer* v. *Sisson,* 83 Ill. 188; *Pullian* v. *Nelson,* 28 Ill. 112; *Eddy* v. *Brady,* 16 Ill. 306.) If an essential element of the affidavit is omitted, it may not be aided by amendment, and the proceeding is without authority of law. A judgment entered when the record on its face shows want of jurisdiction is void and of no force or effect. (*Rabbitt* v. *Weber & Co.* 297 Ill. 491; *Booth* v. *Rees,* 26 Ill. 45.) The rule also is that a purchaser, whether he be a party to the record or a stranger, and all subsequent titleholders are chargeable with notice of the condition of the record and are not protected from the consequences of purchasing under a void judgment or decree. *Rabbitt* v. *Weber & Co.* 297 Ill. 491; *Morris* v. *Hogle,* 37 Ill. 150.

Section 1 of the Attachment Act, (Ill. Rev. Stat. 1943, chap. 11, par. 1,) so far as applicable here, is as follows: "That in any court of record having competent jurisdiction, a creditor * * * may have an attachment against the property of his debtor, or that of any one or more of several debtors, either at the time of instituting the suit or thereafter, when the claim exceeds $20, in any one of the following cases: First: Where the debtor is not a resident of this state. Second: When the debtor conceals himself or stands in defiance of an officer, so that process cannot be served upon him." The affidavit for attachment in this case avers: "said Marion Schillo and Adele Schillo are not residents of this state, or conceal themselves so that process cannot be served upon them, or have departed

from this state with the intention of having their effects removed from this state, or are about to remove their property from this state, to the injury of said plaintiff, or have, within two .years prior to the filing of this affidavit, fraudulently concealed or disposed of their property so as to hinder and delay their creditors."

It has been held that the disjunctive use of grounds for attachment may be made when such disjunctive averments refer to the same subject matter and are in a sense the expression of but a single ground. (*McCarthy Bros. Co.* v. *McLean County Farmers Elevator Co.* 18 N. D. 176, 118 N. W. 1049; Shinn on Attachments, 145, p. 137.) But such an affidavit is held not good where the disjunctive averments include other and inconsistent grounds, such as appear in the affidavit here involved, relating to residence or nonresidence of a defendant, or that they are concealing themselves, on the one hand, and that they are about to remove their property or have disposed of their property, on the other.

As early as 1859, in *Dyer* v. *Flint,* 21 Ill. 80, it was held that an affidavit for a writ of attachment must allege positively and unequivocally the requirements of the statute. It is not sufficient that such allegations be made on information and belief.

In *Archer* v. *Claflin,* 31 Ill. 306, it was held that the affidavit for attachment in that case was defective in its failure to aver in positive terms the design to depart from the State with intention of taking the defendants' property out of the State to the injury of their creditors. That such averments be positive is necessary to compliance with the statute.

In *Cronin* v. *Crooks,* 143 N. Y. 352, 39 N. E. 268, the warrant of attachment stated two grounds disjunctively. In affirming a judgment vacating the warrant of attachment and directing delivery of the property, that court said: "The provisions of Section 641 of the Code of Civil

Procedure were not complied with. They provide, among other things, that the warrant 'must briefly recite the ground of the attachment.' This warrant stated no ground, for to state in the alternative is to state neither the one nor the other fact. Such an alternative statement of grounds results in a mutual exclusion." In *Pierce* v. *Boyle,* 242 Mich. 149, 218 N. W. 756, it was held that an affidavit upon which attachment was issued, which stated grounds in the alternative, was fatally deficient. To the same effect are *Alvey* v. *Smith,* 28 S. W. 2d (Tex. Civ. App.) 267; *Heaton* v. *Panhandle Smelting Co.* 32 Idaho, 146, 179 Pac. 510; *Rosenberg* v. *Bullard,* 127 Cal. App. 315, 15 Pac. 2d 870. See, also, 7 C.J.S. 296.

It is readily seen that the affidavit before us does not state which of the grounds therein set out is relied upon to sustain the attachment, and such cannot be ascertained. No positive statement is made whether Marion and Adele Schillo were nonresidents, or concealed themselves so that summons could not be served upon them, or whether they had departed from the State with the intention of having their effects removed from the State, or had within two years fraudulently disposed of their property.

The authorities cited all held that to state separate and distinct grounds for writ of attachment in the alternative or disjunctive is not sufficient to give the court jurisdiction of the subject matter of the attachment for the reason that the affidavit does not positively state any ground.

Attachment is an action *in rem,* a statutory remedy. It is necessary, in order to give the court jurisdiction of the property sought to be attached, that the requisites of the statute be substantially complied with. If there be no such compliance, the court has no jurisdiction of the subject matter, without which any judgment entered pursuant to the levy made under authority of the writ of attachment is void and of no force. In the record before us, we can but conclude that the trial court did not err in

sustaining appellees' first objection to the jurisdiction of the court in the attachment suit. This view renders it unnecessary to discuss other points raised. Since the judgment for $2655 was procured on substituted service, it alone cannot stand. The judgment and proceedings had thereunder, including the deeds issued under the attachment and sale by the sheriff, were void. The judgment of the superior court is affirmed.

*Judgment affirmed.*