JUSTICE VAN DEUSEN delivered the opinion of the court: Intercounty Title Company of Illinois (Intercounty) appeals from a trial court order entered December 1, 1982, requiring that certain property of Zeus Development Corporation (Zeus) in the possession of Intercounty be turned over to plaintiff, McGinnis Plumbing Company, Inc. (McGinnis). On September 23, 1982, McGinnis filed a complaint against Zeus for the latter’s failure to pay $5,851 for labor and materials for plumbing work done on the properties owned by Zeus. On that same day, McGinnis filed its complaint, bond and affidavit, for the issuance of an order of attachment against Intercounty as garnishee alleging them to be in possession of $5,851 belonging to Zeus. (Ill. Rev. Stat. 1981, ch. 110, pars. 4 — 130, 4 — 107, 4 — 104, 4 — 110.) An order of attachment issued. On October 14, 1982, all parties appeared. Intercounty filed a special and limited appearance and reported to the trial court that it had $5,331.54 retained for Zeus in four escrow accounts. These funds represented interest resulting from investments by Intercounty on a principal deposit of $54,000 by Zeus. The attorney for Intercounty stated that he had been instructed by his client that the $5,331.54 could be available for this matter but that Mr. Leonard, the president of Zeus, appearing pro se, disagreed. Mr. Leonard stated that he believed that the funds were not available because the interest was to accrue in order to maintain the balance at the required level for their title indemnity agreements and that the account was $11,000 short for that purpose. The court then gave Zeus 13 days to answer or otherwise plead to the attachment order and to the complaint and directed Intercounty “to continue to hold the sum of $5,331 as property of Zeus Development Corporation” and not to disburse it to anyone or use it for any other purpose until further order of the court. On December 1, 1982, pursuant to notice, McGinnis filed its motion for an order of default and for entry of judgment in favor of the plaintiff and against Zeus Development Corporation in the sum of $5,851 plus costs of suit. McGinnis also moved for an order directing the garnishee-defendant, Intercounty, to turn over to plaintiff the sum of $5,331 in partial satisfaction of said judgment. On the same date, Inter-county filed a motion pursuant to section 2 — 619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2 — 619, formerly section 48 of the Civil Practice Act), to dismiss the attachment action of McGinnis. The basis of the motion was that the trial court lacked subject matter jurisdiction. On December 1, 1982, the court considered the arguments of counsel of the respective parties on both motions and thereupon entered the order from which Intercounty now appeals. That order did provide for an order of default and judgment in the sum of $5,851 in favor of McGinnis Plumbing Company and against the defendant Zeus. It further ordered the garnishee-defendant, Intercounty, to forthwith turn over to the plaintiff McGinnis Plumbing Company, Inc., the sum of $5,331. Finally the order recited that “the motion of Inter-County Title Company to Dismiss under sec. 48 be and is hereby denied.” In addition to its motion to dismiss for lack of subject matter jurisdiction, Intercounty did not file any other pleading at the trial court level other than a reply to McGinnis’ petition for a rule to show cause for not complying with the trial court’s turn over order of December 1, 1982. In particular we note from our review of the record that at no time at the trial court level did Intercounty seek to assert a claim to the property attached by filing a petition supported by affidavit pursuant to section 4 — 134 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 4-134). On appeal, Intercounty continues to assert that the trial court lacked subject matter jurisdiction to issue the order of attachment and therefore the order of December 1, 1982, ordering Intercounty to pay $5,331 to McGinnis in partial satisfaction of the judgment against Zeus, was void. Intercounty also raises two additional issues on appeal. First, it asserts that the matter should be remanded to the trial court so that its claim to the property in question might be determined pursuant to section 4 — 134 of the Code of Civil Procedure. Second, it asserts that the title escrow agreement between Zeus and Intercounty makes clear that the property in question was in the custody and control of Inter-county and not subject to attachment to satisfy McGinnis’ judgment against Zeus. The short answer to these latter two contentions is that they were not raised at the trial court level and were thereby waived. (Kravis v. Smith Marine, Inc. (1975), 60 Ill. 2d 141, 147.) Intercounty’s argument that it was not given an opportunity to assert such claims at the trial court level is without merit. The record discloses that Inter-county never attempted or sought leave to file an answer raising any affirmative defenses or leave to file a petition pursuant to section 4— 134 of the Code of Civil Procedure either before or after the trial court entered the order of December 1, 1982. In the only other pleading filed by Intercounty, namely its reply to the motion for a rule to show cause, it limited its defense to the assertion that the court lacked subject matter jurisdiction. The only viable issue which plaintiff can raise on this appeal is whether the trial court erred in denying its motion to dismiss for lack of subject matter jurisdiction. Intercounty contends that the trial court lacked subject matter jurisdiction because McGinnis failed to comply with all of the essential requirements of the attachment statute, in particular paragraph 9 of section 4 — 101 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 4 — 101(9)). Citing Martin v. Schillo (1945), 389 Ill. 607, 610, cert, denied (1945), 325 U.S. 880, 89 L. Ed. 1996, 65 S. Ct. 1572, and Rabbitt v. Frank C. Weber & Co. (1921), 297 Ill. 491, 497, Intercounty asserts that attachment proceedings are statutory actions in derogation of common law, and therefore the affidavit required by the statute for the order of attachment must meet all the essential requirements of the statute to give the court jurisdiction of the subject matter. Intercounty maintains that the allegations of the McGinnis affidavit lack certainty or a writing signed by the debtor containing statements constituting the alleged fraud so that the affidavit fails to satisfy the requirements of paragraph 9 of section 4 — 101 of the Code of Civil Procedure for the issuance of the attachment order. Therefore, such issuance on September 23, 1982, was void as was the subsequent order of December 1, 1982, directing Intercounty to turn over certain of the funds in question to Zeus. Prior to 1964 an attachment proceeding was a special statutory proceeding, and, hence, jurisdiction was dependent upon strict compliance with the statute (Martin v. Schillo (1945), 389 Ill. 607, 610, cert, denied (1945), 325 U.S. 880, 89 L. Ed. 1996, 65 S. Ct. 1572). Prior to the adoption of the Judicial Article of 1962, effective January 1, 1964, the trial court’s jurisdiction over special statutory proceedings not recognized at common law was derived from such authority as was granted by the legislature. (In re Estate of Mears (1982), 110 Ill. App. 3d 1133, 1136.) The Judicial Article of 1962 and the Illinois Constitution of 1970 changed all of that. The circuit court now derives its jurisdiction directly from the Constitution and not from any statute or pleading. (People v. Valdez (1980), 79 Ill. 2d 74, 84-85; People v. Gilmore (1976), 63 Ill. 2d 23, 26.) “No longer do we seek statutory justification for the exercise of jurisdiction; rather the inquiry must be whether there exists a justiciable controversy, and if so, are there any statutory conditions precedent to judicial intervention.” In re Estate of Mears (1982), 110 Ill. App. 3d 1133,1138. There is no question but that the controversy between the parties over the funds held by Intercounty constitutes a justiciable controversy. While, for example, a time limitation for the bringing of a statutory action constitutes a condition precedent to jurisdiction (In re Estate of Mears (1982), 110 Ill. App. 3d 1133, 1138 (will contest petition must be filed within statutorily prescribed time period); accord, Robinson v. First State Bank (1983), 97 Ill. 2d 174, 183), the deficiencies in the affidavit of which Intercounty complains cannot be considered as statutory conditions precedent to jurisdiction. The attachment statute itself provides that no order of attachment shall be vacated on account of any insufficiency of the original affidavit without giving plaintiff or his agent an opportunity to file a legally sufficient affidavit, and if such is done, the cause shall proceed as if such proceeding had originally been sufficient. (Ill. Rev. Stat. 1981, ch. 110, par. 4 — 132.) The attachment act also provides that the act shall be construed in all courts in the most liberal manner for the detection of fraud. Ill. Rev. Stat. 1981, ch. 110, par. 4 — 102. Even assuming arguendo that the affidavit of McGinnis was defective in the manner alleged by Intercounty, such deficiency did not constitute a condition precedent to the court’s jurisdiction. We conclude that the trial court had subject-matter jurisdiction, and the trial court correctly denied Inter county’s motion to dismiss for lack thereof. The judgment order of the trial court entered December 1, 1982, is affirmed. Affirmed. LINDE ERG and REINHARD, JJ., concur.